NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 23-745

STATE OF LOUISIANA

VERSUS

TYLER NICHOLAS BENOIT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR-163581
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

**GUY E. BRADBERRY**
**JUDGE**

**********

Court composed of Van H. Kyzar, Guy E. Bradberry, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**Don Landry**
**District Attorney**
**Alisa Ardoin Gothreaux**
**Special Assistant District Attorney**
**Fifteenth Judicial District**
**P.O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR:**
    **State of Louisiana**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**P.O. Box 52988**
**Shreveport, LA 71135**
**(318) 222-1700**
**COUNSEL FOR DEFENDANT:**
    **Tyler Nicholas Benoit**

**BRADBERRY, Judge.**

Defendant, Tyler Nicholas Benoit, was convicted of manslaughter, a violation of La.R.S. 14:31, and obstruction of justice, a violation of La.R.S. 14:130.1, on October 15, 2021. On February 24, 2022, Defendant was sentenced to serve forty years at hard labor for manslaughter and twenty years at hard labor for obstruction of justice, to run concurrently. Defendant filed an appeal alleging the evidence was insufficient to support his conviction for manslaughter and his sentences were excessive. This court affirmed Defendant's conviction for manslaughter and his sentence for obstruction of justice. However, the court found his forty-year sentence for manslaughter was excessive, vacated the sentence, and remanded the matter for resentencing. *State v. Benoit*, 22-310 (La.App. 3 Cir. 11/30/22), 355 So.3d 68, *writ denied*, 23-10 (La. 9/26/23), 370 So.3d 470.

Resentencing was held on October 27, 2023, and Defendant was sentenced to serve thirty-two years at hard labor for manslaughter, to run concurrently with the sentence previously imposed for obstruction of justice. A motion to reconsider sentence was filed on November 13, 2023, and was denied on November 15, 2023. A motion for appeal was filed on November 27, 2023.

Defendant is before this court asserting a single assignment of error—his thirty-two-year sentence is excessive.

## FACTS

In *Benoit*, 335 So.3d at 71, this court summarized the relevant facts:

> On August 12, 2017, Defendant and several of his friends, Bryan Eddington, Angel Hebert, Gavin White, and Devin White, went to Grant Street Dance Hall in Lafayette. After leaving the bar, Bryan and Angel got into an argument, and Angel was pushed to the ground. The victim, Christon Chaisson, intervened on Angel's behalf. A fight involving Defendant, Bryan, Gavin, and Christon then began.

Defendant shot Christon in the lower right flank and subsequently disposed of the firearm. Christon died as a result of his injuries.

In his statement to police, Defendant reported the gun had been in Gavin's Tahoe, and he did not understand how he got the gun during the altercation. *Id.*

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

In his only assignment of error, Defendant contends his sentence for manslaughter is excessive.

The law regarding excessive sentence claims is well-settled:

The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95–919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. . . . The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95–2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-648 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, [*writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183,] stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5–6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958–59 (first alteration in original).

At Defendant's original sentencing hearing, Defendant called four witnesses. The first was Dylan Lemaire, who employed Defendant as an electrical helper. Lemaire indicated Defendant was an exemplary worker. The next witness was Kelli Duhon. Duhon was engaged to Defendant. They lived together and had a daughter who was almost three years old at that time. Duhon addressed Defendant's relationship with their daughter and the impact his absence would have on the child's life. Duhon then testified that Defendant supported his family. Duhon noted Defendant was not aggressive and was a kindhearted person. Tori Garner, Defendant's mother, subsequently testified. She addressed Defendant's personality in high school, noting he was voted class friendliest his senior year and did not get into fights. Garner also indicated Defendant was a good father. Thereafter, Defendant apologized to the victim's family.

The State called Kelly Chaisson, the wife of the victim. She testified regarding the impact her husband's death had on her and her son, who was three years old at the time of his father's death. She requested imposition of a maximum sentence. The State also called Phillip Alexander, a friend of the victim. He addressed his relationship with the victim and the victim's impact on his family and the community. Shanena Chaisson, the victim's sister, was the next person called by the State. She addressed her relationship with her brother and his relationship with his son.

Defendant sought review of his forty-year sentence. This court addressed the excessiveness of that sentence, stating:

Manslaughter is punishable by imprisonment for up to forty years at hard labor. La.R.S. 14:31. Defendant received the maximum sentence for this offense. Defendant alleges this sentence is excessive. He notes he was nineteen years old at the time of the offense, he was engaged, he had a two-year-old daughter when sentenced, he had an established work history, he provided for his family, and he had no history of fighting or violent behavior. Defendant cites to cases wherein twenty-five year sentences for manslaughter occurring during robberies were imposed and affirmed on appeal.

Defendant believes that his case does not involve the intent or callous action common in cases wherein the maximum sentence has been imposed. Given *State v. Banks*, 16-34 (La.App. 3 Cir. 6/1/16), 194 So.3d 1224, and *State v. Wright*, 10-577 (La.App. 5 Cir. 2/15/11), 61 So.3d 88, *writ denied*, 11-560 (La. 9/30/11), 71 So.3d 283, which both involved deaths occurring during the commission of felonies, Defendant believes his case should be remanded for imposition of a sentence "well less than 25 years of hard labor" for manslaughter.

We will now address sentences imposed in similar cases. In *State v. Sterling*, 21-618, p. 1 (La.App. 3 Cir. 3/9/22), 2022 WL 703935 (unpublished opinion), the defendant was charged with second degree murder after he approached and shot the victim and another man when the two "did square up as to take a fighting posture." The seventeen-year-old defendant pled guilty to manslaughter and was sentenced to twenty years at hard labor. This court discussed sentences imposed in manslaughter cases:

> In *State v. Wright*, 10-577 (La.App. 5 Cir. 2/15/11), 61 So.3d 88, *writ denied*, 11-560 (La. 9/30/11), 71 So.3d 283, the defendant, who was fifteen years old at the time, charged with second degree murder and armed robbery, was found guilty of manslaughter by a jury. The defendant received twenty-five years at hard labor on the conviction for manslaughter. He appealed the sentence as excessive because of his youth, asserting that there was no evidence that he shot the victim. While noting that the defendant did have an extensive juvenile criminal history, the fifth circuit did not find the sentence excessive under the circumstances, despite the defendant's age.
>
> In a majority opinion, *State v. Cedars*, 16-1044 (La.App. 3 Cir. 7/19/17), 2017 WL 3334872 (unpublished opinion), *writ denied*, 17-1343 (La. 4/27/18), 239 So.3d 838, this court upheld a juvenile's thirty-year sentence for manslaughter. The juvenile, who had originally been charged with second degree murder, pled guilty to the lesser charge of manslaughter. In upholding the sentence, this court stated that "the trial court clearly considered

numerous factors in the formation of the Defendant's sentence, including his youth . . . and balanced those factors against the violent nature of the offense and the Defendant's reduced sentencing exposure under a manslaughter plea." *Id.* at 8.

> In *State v. Banks*, 16-34 (La.App. 3 Cir. 6/1/16), 194 So.3d 1224, a defendant who was seventeen years old at the time of the offense pled guilty to one count of manslaughter and one count of simple robbery pursuant to a plea agreement. He was then sentenced to twenty-five years at hard labor on the conviction for manslaughter and three years at hard labor on the conviction for conspiracy to commit simple robbery. The defendant then appealed, alleging that his sentence of twenty-five years for manslaughter was excessive. However, this court upheld the sentence, noting that the "[d]efendant received a significant benefit from pleading guilty to manslaughter[,]" as the evidence could have easily resulted in a conviction of first degree murder. *Id.* at 1231.

*Id.* at p. 4.

> We find that the trial court abused its sentencing discretion in imposing a forty-year sentence for a first-time felony offender with no prior issues. Maximum sentences are imposed for the most egregious offenses committed by the worst type of offender. *State v. Soileau*, 13-772 (La.App. 3 Cir. 2/12/14), 153 So.3d 1008, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261. Defendant is not the worst type of offender, and a maximum sentence in this case makes no meaningful contribution to acceptable penal goals. Defendant is a young family man who has no history of crime or violence. He is likely a good candidate for rehabilitation.

*Benoit*, 355 So.3d at 87–88 (alterations in original).

At resentencing, the trial court noted it was considering what had occurred at the first sentencing hearing, including testimony from witnesses Lemaire, Duhon, Garner, Kelly Chaisson, Alexander, and Shanena Chaisson. The trial court then stated the following before imposing a sentence of thirty-two years at hard labor:

> I want to say that I agree, he's not the worst type of offender. But I -- I feel, as far as manslaughter cases, this is one of the most egregious offenses, for the very fact of what I just said.

5

There was absolutely no provocation on behalf of the victim in the case, who was simply trying to help someone. So I find this a highly egregious circumstance, even though it's not by the worst type of offender.

. . . .

But I do want to say, going back to kind of repeat what was said at the last sentencing hearing -- And I'm going to do this to make the record clear, because I'm -- you know, I want to make sure that the higher Court understands what I'm doing.

I have noted that he has no prior felony convictions. But, again, I want to note that he stands convicted of killing another human being, that this was a crime of violence, that there was actual violence and a firearm used in the commission of the offense.

It had a significant impact on the victim's family. And I feel that a lesser sentence would deprecate the seriousness of this offense, as I said, in light of the fact that this was a Good Samaritan innocent bystander.

In his motion to reconsider, Defendant suggested his sentence was excessive because he was nineteen years old at the time of the offense, he had strong family support, he had no prior felony convictions or indications of any violence whatsoever, the trial court failed to adequately consider the mitigating factors in this case, and the trial court improperly entertained argument and considered factors associated with second degree murder when he was convicted of manslaughter. The motion was denied.

## ARGUMENTS

In brief to this court, Defendant alleges the trial court failed to address why his conviction should result in a sentence more severe than those in cases outlined in Defendant's brief in his original appeal or the cases outlined in this court's opinion vacating his sentence. Defendant contends the trial court failed to explain why he should be punished more harshly than those who killed while committing crimes and why a thirty-two-year sentence was appropriate for a nineteen-year-old father with

6

an established work history who was providing for his family and had no history of fighting or violent behavior in high school. In support of his contentions, Defendant cites *State v. Sterling*, 21-618 (La.App. 3 Cir. 3/9/22) (unpublished opinion) (2022 WL 703935); *State v. Wright*, 10-577 (La.App. 5 Cir. 2/15/11), 61 So.3d 88, *writ denied*, 11-560 (La. 9/30/11), 71 So.3d 283; and *State v. Banks*, 16-34 (La.App. 3 Cir. 6/1/16), 194 So.3d 1224. Moreover, he argues the trial court did not apply this court's three-part test to consider the nature and background of Defendant, the nature of the offense, and the sentences imposed in similar cases. Defendant acknowledges the trial court recognized his youth and offender status but suggests the trial court focused almost exclusively on the nature of the crime. Defendant suggests that, in light of *Banks* and *Wright*, his sentence should be vacated, and the matter remanded for imposition of a sentence "well less than" twenty-five years.

The State alleges there was no evidence presented concerning Defendant's personality in high school, and testimony regarding Defendant's employment and his child was evidence of his post-indictment actions.[1] The State maintains the three-part test referenced by Defendant is applicable to appellate courts, and trial courts are guided by La.Code Crim.P. art. 894.1. The State further suggests:

> La.Code Crim.P. art. 894.1 provides sentencing guidelines, specifically that a trial court should impose incarceration when A(3) a lesser sentence would deprecate the seriousness of the crime. Judge Castle further provided weight to 894.1 A(6) that he used actual violence in the commission of the crime, A(9) and (10) that there was significant loss to the victim and his family and that he used [a] dangerous weapon in the commission of the crime; she also noted A(28) that the Defendant has no prior criminal history.

Thus, Defendant's sentence should be affirmed.

---

[1] As previously noted, Defendant's mother testified at the initial sentencing hearing regarding Defendant's personality in high school.

**ANALYSIS**

Louisiana Code of Criminal Procedure Article 894.1 sets forth factors to be considered by the trial court at the time sentence is imposed. The article does not require the trial court to comply with the three-part test set out by the fifth circuit in *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, and used by this court to assess the excessiveness of a sentence on appeal. Additionally, this court, in *Benoit*, did not instruct the trial court to consider *Lisotta* at resentencing. Furthermore, Defendant failed to urge these issues in his motion to reconsider sentence. Defendant also failed to argue the trial court did not explain why his sentence was more severe than those in cases outlined in his original appellate brief and those outlined in this court's opinion vacating his sentence. Therefore, he is precluded from raising these issues on appeal. *See* La.Code Crim.P. art. 881.1(E).

The nature of the offense and that of Defendant were addressed in *Benoit* and in the trial court's remarks at resentencing. In *Benoit*, 355 So.3d 68, this court also addressed sentences imposed in similar cases. This court will further address the latter issue now.

In *State v. Lewis*, 08-1317 (La.App. 5 Cir. 5/26/09), 16 So.3d 385, *writ granted*, 09-1404 (La. 4/30/10), 34 So.3d 282,In *State v. Lewis*, 08-1317 (La.App. 5 Cir. 5/26/09), 16 So.3d 385, *writ granted*, 09-1404 (La. 4/30/10), 34 So.3d 282, affirmed in part, reversed in part, 09-1404 (La. 10/22/10), 48 So.3d 1073, a sixteen-year-old male watched a fight between friends, Bush and Crain, as a bystander. During the fight, he picked up a gun that had fallen out of Bush's pocket and fired a single shot into Crain's temple. The sixteen year old was convicted of manslaughter and sentenced to thirty years at hard labor. The fifth circuit vacated the sentence,

finding it excessive. The court did not recommend a specific sentence but observed the maximum sentencing range it could affirm for the defendant's conviction "may extend to a 20–year sentence." *Id.* at 397. In reinstating Lewis's thirty-year sentence, the supreme court noted:

> [T]he proper perspective from which to approach sentence review in the present case accords paramount importance to the nature of the conduct proved at trial. While comparative proportionality review taking into account sentences imposed in other similar cases is a component of sentence review under La. Const. art. I, § 20, such review serves only to "set[ ] the stage" for the "later inquiry into the nature of the offender and the offense." *State v. Telsee*, 425 So.2d 1251, 1254 (La.1983).

48 So.3d at 1077–78 (second alteration in original). The supreme court further pointed out that there was a bench trial, and the judge had taken into consideration the sentencing disparity between the charged offense of second degree murder and manslaughter and the fact that "the 16–year–old brain does not work in the same manner as an adult brain" when finding the defendant guilty of the responsive verdict. *Id.* at 1079.

In *State v. Leach*, 22-194 (La.App. 5 Cir. 12/28/22), 356 So.3d 531, evidence established the defendant and the victim were friends who had a falling out a few months prior to the offense. The two encountered each other at a bar where they had an argument. The verbal altercation escalated, and the defendant pulled a gun out and shot the victim. The fifth circuit affirmed the defendant's thirty-five-year sentence for manslaughter, noting the evidence could have supported a second degree murder conviction and exposure to a mandatory life sentence. The court did not mention the defendant's age or offender status.

Defendant's brief ignores this court's reference in *Benoit* to *State v. Cedars*, 16-1044 (La.App. 3 Cir. 7/19/17) (unpublished opinion) (2017 WL 3334872), *writ*

9

*denied*, 17-1343 (La. 4/27/18), 239 So.3d 838.  In *Cedars*, this court affirmed a seventeen-year-old first offender's thirty-year sentence for manslaughter, which did not occur during the commission of another offense.

The trial court, as well as this court in *Benoit*, did not find Defendant to be the worst type of offender.  However, the trial court noted a lesser sentence would deprecate the seriousness of the offense and found Defendant's crime to be one of the most egregious types of manslaughter because it involved a good Samaritan. Based on the nature of the offense, the cases cited herein, and the trial court's reasons for imposition of sentence, we cannot say Defendant's sentence is excessive inasmuch as the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.  For these reasons, we find this assignment of error lacks merit.

## CONCLUSION

Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

10